IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREESE WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-4995 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.* | : : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                          **April 22, 2010**

Plaintiff Tyreese Williams, an inmate currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, asks this Court to grant his petition for habeas corpus, pursuant to 28 U.S.C. § 2254. Williams argues his guilty plea in Pennsylvania state court is invalid because his plea agreement was violated. Williams asserts the judge who accepted his guilty plea informed him that his state and federal sentences would run concurrently, but he is now serving his federal sentence consecutive to his state sentence.

This Court referred this case to Magistrate Judge Lynne A. Sitarski for a Report and Recommendation (R&R). The R&R advised that this Court does not have jurisdiction to amend the calculation of Williams's sentence because disputes over the Federal Bureau of Prison's (BOP) method of calculating sentences are properly brought in the district where a prisoner is incarcerated. Magistrate Judge Sitarski recommended that this Court dismiss Williams's petition without prejudice, so that he may re-file his petition in the District of New Jersey, pursuant to 28 U.S.C. § 2241. This Court finds Williams's challenge to the calculation of his sentence is not appropriately brought under § 2254. Therefore, this Court will deny Williams's objections without prejudice and adopt the R&R.

**FACTS**

On April 29, 2000, Philadelphia police officers arrested Williams for armed robbery. Williams was held in state custody until October 5, 2000, when United States Marshals took him into federal custody because he had been indicted on a number of federal charges. On December 28, 2000, Williams pled guilty in the Middle District of Pennsylvania to making a false statement in connection with the acquisition of a firearm, and he was sentenced to a term of 64 months imprisonment. On July 20, 2001, Williams pled guilty in the Eastern District of Pennsylvania to conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery, use of a firearm in connection with a crime of violence, and aiding and abetting. He was sentenced to a term of 117 months imprisonment. On December 5, 2001, following both federal guilty pleas, Williams was returned to state custody.

On January 8, 2002, Williams pled guilty in the Common Pleas Court of Philadelphia County to robbery, violation of the Pennsylvania Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.*, and criminal conspiracy. He was sentenced to five to ten years incarceration for the robbery and a concurrent term of five to ten years for conspiracy. He received no further penalty for the Uniform Firearms Act violation. At sentencing, the judge stated Williams's sentence was "to run concurrent as [sic] the federal sentence you are now serving." Tr. at 2-3, *Commonwealth v. Williams*, CP 0006-0370 (Phila. Ct. Com. Pl. Jan. 8, 2002). Williams served his state sentence until April 26, 2006, when he was released to federal authorities to begin serving his federal sentence at FCI Fort Dix.

When Williams was transferred from state to federal custody, he instituted an action with the BOP to have his federal sentence recalculated. This request was denied on March 26, 2009. Williams filed a habeas corpus petition in the Philadelphia Court of Common Pleas, which was

2

denied on April 16, 2009. Williams asserts he filed a notice of appeal with the Philadelphia Clerk of Quarter Sessions, but has not received a response. On August 24, 2009, Williams filed the instant action, arguing "he did not receive the benefit of his state sentence to run concurrent with his federal sentences per the agreement with the Commonwealth." Williams Habeas Petition at 9. Williams contends the BOP should have reduced his federal sentence by crediting him for time served on his state sentence.

In her R&R, Magistrate Judge Sitarski found: (1) Williams's § 2254 habeas petition is improper because it does not challenge the validity of his conviction or sentence; (2) this action should properly be brought under § 2241 as a challenge to the execution of his federal sentence; (3) a district court's ability to hear a § 2241 action is territorially limited to persons detained within that district; and (4) because Williams is incarcerated in New Jersey, the District of New Jersey has jurisdiction over any § 2241 claim brought by Williams. In his objections to the R&R, Williams contends this Court has jurisdiction over this matter pursuant to § 2254.

**DISCUSSION**

This Court conducts *de novo* review over the portions of the R&R objected to by the parties. 28 U.S.C. § 626. A § 2254 petitioner may apply for a writ of habeas corpus to challenge the validity of his conviction or sentence. This Court may only grant Williams's petition if the Pennsylvania court's decision:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings.

28 U.S.C. § 2254(d).

Williams argues his plea agreement was violated because the state sentencing judge said his state and federal sentences would run concurrently. He asserts his petition is properly filed under § 2254 because he is not challenging the BOP's calculation of his sentence, but the validity of his guilty plea in state court.

At Williams's change-of-plea hearing in state court, the Assistant District Attorney agreed to recommend to the judge that Williams's state and federal sentences run concurrently. The judge accepted the recommendation. Williams asserts his plea agreement has since been violated because the BOP failed to give him credit for time served during his state sentence.

A prisoner will only receive federal credit for time spent incarcerated in a state prison if the BOP specifically designates the state facility as a place of federal confinement. *Barden v. Keohane*, 921 F.2d 476, 482 (3d Cir. 1990). The BOP has sole discretionary authority to calculate a federal prisoner's sentence, and to designate a federal prisoner's place of incarceration. *Id.*; 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). While a state court may express its intention that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP. *Barden*, 921 F.2d at 483. The BOP's discretionary authority is absolute; thus, even if the failure to credit time served in state prison was "the result of mistake or inadvertence. . . only [] the Bureau has power to grant relief." *Id.*

A habeas petition filed pursuant to 28 U.S.C. § 2241, "directed to the district court in the United States District Court where the petitioner is incarcerated, and naming the warden of the federal facility as a respondent," is the exclusive method to challenge the BOP's calculation of a federal sentence. *United States v. Allen*, 124 Fed. Appx. 719, 721 (3d Cir. 2005) (citing *Barden*, 921

F.2d at 478-79). In *Barden*, the petitioner served more than ten years of a sentence that the state sentencing judge intended to run concurrently with the petitioner's federal sentence, but the BOP did not credit the petitioner for time served during his state sentence. *Id.* at 478. The court held only the BOP could grant relief, and such relief could only be granted pursuant to 18 U.S.C. § 2241. *Id.* at 483.

As in *Barden*, Williams's claim is a challenge to the BOP's calculation of his federal sentence; essentially, he argues he was not properly credited for time served in state custody on his state sentence. Therefore, Williams's claim is not properly brought under § 2254, and must be pursued though a § 2241 petition.

A habeas corpus petition filed pursuant to § 2241 must be "directed to the district court in the United States District where the petitioner is incarcerated." *Allen*, 124 Fed. Appx. at 721 (citing *Barden*, 921 F.2d at 478-79). Because Williams is presently confined in New Jersey, this Court does not have jurisdiction to hear a § 2241 petition by Williams. Instead, Williams should file his § 2241 petition in the District of New Jersey.

For the above reasons, Williams's petition for writ of habeas corpus is dismissed without prejudice. An appropriate order follows.

BY THE COURT:


  /s/ Juan R. Sánchez
Juan R. Sánchez, J.